UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NTD ARCHITECTS, a California corporation,<br><br>        Plaintiff,<br>v.<br><br>JON BAKER, an individual, RICHARD NOWICKI, an individual, BAKER NOWICKI DESIGN STUDIO, LLP, a California limited liability partnership, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 11cv2836-AJB (JMA)<br><br>Related Case No. 12cv0020-AJB (JMA)<br><br>**ORDER GRANTING JOINT MOTION AND ADOPTING IN PART STIPULATION FOR PROTECTIVE ORDER** |

The parties' Joint Motion for Protective Order is GRANTED.  The stipulated proposed terms are adopted with the exception of paragraphs 9, 10 and 29, which are adopted with modifications, and the inclusion of additional language to paragraph 14, which is set forth herein. Based on the foregoing, the Court ORDERS:

1    ~~The Court recognizes that~~ [A]t least some of the documents and information ("materials")
2    being sought through discovery in the above-captioned action are, for competitive reasons,
3    normally kept confidential by the parties. The parties have agreed to be bound by the terms of
4    this Protective Order ("Order") in this action.
5        The materials to be exchanged throughout the course of the litigation between the parties
6    may contain trade secret or other confidential research, technical, cost, price, marketing or other
7    commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The
8    purpose of this Order is to protect the confidentiality of such materials as much as practical
9    during the litigation. THEREFORE:

## DEFINITIONS

11   1.   The term "Confidential Information" will mean and include information
12   contained or disclosed in any materials, including documents, portions of documents, answers to
13   interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and
14   transcripts of trial testimony and depositions, including data, summaries, and compilations
15   derived therefrom that is deemed to be Confidential Information by any party to which it belongs.
16   2.   The term "materials" will include, but is not be limited to: documents;
17   correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material
18   that identify customers or potential customers; price lists or schedules or other matter identifying
19   pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts;
20   books of account; worksheets; notes of conversations; desk diaries; appointment books; expense
21   accounts; recordings; photographs; motion pictures; compilations from which information can be
22   obtained and translated into reasonably usable form through detection devices; sketches;
23   drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures;
24   other writings; models and prototypes and other physical objects.
25   3.   The term "counsel" will mean outside counsel of record, and other attorneys,
26   paralegals, secretaries, and other support staff employed in the law firms identified below:
27
28

For Plaintiff/Counter Defendant NTD Architects and Third Party Defendants Maha Abou-Haidar, G. Wayne Hunter, Jordan S. Knighton, Goodwin S. Osifeso, and Jay R. Tittle: the firm of Navigato & Battin, LLP.

For Defendants, Counter Plaintiffs, and Third Party Plaintiffs Jon A. Baker, Richard Nowicki, and Baker Nowicki Design Studio LLP: the firm of Procopio, Cory, Hargreaves, and Savitch LLP.

The term "counsel" shall be understood to include outside commercial copying and electronic discovery services vendors employed by the parties or their counsel of record.

## GENERAL RULES

4.  Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

   b. Designation as "CONFIDENTIAL—FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL—FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5.  The protections conferred by this Order cover not only materials designated as "CONFIDENTIAL" and/or "CONFIDENTIAL - FOR COUNSEL ONLY," but also (i) any information reproduced, copied or extracted therfrom, (ii) all copies, excerpts, summaries, or compilations thereof, and (iii) testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal materials designated as "CONFIDENTIAL"

and/or "CONFIDENTIAL - FOR COUNSEL ONLY" information. This Order shall be fully applicable to materials produced by or testimony taken of third parties or non-parties, and any third party from whom discovery is sought shall be entitled to designate material and testimony as "CONFIDENTIAL" and/or "CONFIDENTIAL - FOR COUNSEL ONLY" pursuant to the terms of this Order.

6. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL—FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

7. <u>Labeling of Confidential Information</u>: "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY" materials shall be designated and marked in the following manners:

    a. <u>Documents</u>: The designating party may designate documents as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY" by producing or serving copies of the document marked with a legend reading "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY", as applicable, preferably in the lower right hand corner.

    b. <u>Magnetic media</u>: Where materials are produced in a magnetic medium (such as a CD, floppy diskette or tape), the CD, diskette tape or other medium container shall be marked with an appropriate designation, as set forth in paragraph 7(a), above.

    c. <u>Physical items and exhibits</u>: Physical items and exhibits shall be marked by placing a label on the item/exhibit, setting forth an appropriate designation as specified in paragraph 7(a), above.

       d.   <u>Depositions</u>: Testimony taken at a deposition may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY" by counsel for any party who makes a statement to that effect on the record at the deposition, or alternatively, by notifying all parties to the actions in writing that specific testimony, identified by page and line numbers, is "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY" within fifteen (15) business days of counsel's receipt of the deposition transcript. Any portion of a deposition transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY", or any exhibit thereto designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY" shall be bound separately and treated in accordance with the terms of this Protective Order. Further, the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below. The originals of the court proceeding deposition or court transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8.   All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9.   Information designated "CONFIDENTIAL—FOR COUNSEL ONLY" ~~must~~ *may* be viewed only by the Court and its personnel, counsel (as defined in paragraph 3) of the receiving party, and by independent experts ~~under the conditions set forth in this Paragraph~~. The right of

1  any independent expert to receive any Confidential Information will be subject to the advance
2  approval of such expert by the producing party or by permission of the Court. The party seeking
3  approval of an independent expert must provide the producing party with the name and
4  curriculum vitae of the proposed independent expert, and an executed copy of the form attached
5  hereto as Exhibit A, in advance of providing any Confidential Information of the producing party
6  to the expert. Any objection by the producing party to an independent expert receiving
7  Confidential Information must be made in writing within ten (10) days following receipt of the
8  identification of the proposed expert. Confidential Information may be disclosed to an
9  independent expert if the ten (10) day period has passed and no objection has been made. The
10  approval of independent experts must not be unreasonably withheld. Items designated as
11  "CONFIDENTIAL—FOR COUNSEL ONLY" may also be viewed by mediators, arbitrators, or
12  similar outside parties and their staffs enlisted by the parties to assist in the resolution of this
13  matter, any certified court reporter(s) employed in this action; and any other person to whom the
14  parties agree in writing prior to such viewing.

15      10.    Information designated "CONFIDENTIAL" ~~must~~ *may* be viewed only by the Court
16  and its personnel, counsel (as defined in paragraph 3) of the receiving party, by independent
17  experts (pursuant to the terms of paragraph ~~8~~ *9*), and by the additional individuals listed below.
18  *With respect to the individuals listed below*, ~~provided~~ each such individual ~~has~~ *must have* read
19  this Order in advance of disclosure and ~~has~~ agreed in writing to be bound by its terms:

20      a.    Executives who are required to participate in policy decisions with reference to
21  this action;
22      b.    Technical personnel of the parties with whom Counsel for the parties find it
23  necessary to consult, in the discretion of such counsel, in preparation for trial of this action;
24      c.    Stenographic and clerical employees associated with the individuals identified
25  above;
26      d.    mediators, arbitrators, or similar outside parties and their staffs enlisted by the
27  parties to assist in the resolution of this matter;
28      e.    any certified court reporter(s) employed in this action; and

    f.  any other person to whom the parties agree in writing prior to such viewing.

 11.  With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, and their legal counsel, may be shown the same.

 12.  All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

 13.  Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

    a.  Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

    b.  If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

 ~~14.~~  At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. ~~The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of~~

1   ~~receipt of such a notice of objections, the objecting party may move the Court for a ruling on the~~
2   ~~objection. The materials at issue must be treated as Confidential Information, as designated by~~
3   ~~the designating party, until the Court has ruled on the objection or the matter has been otherwise~~
4   ~~resolved.~~

5   *Meet and Confer. A party that elects to initiate a challenge to a confidentiality designation*
6   *must do so in good faith and must begin the process by conferring directly (in voice to voice*
7   *dialogue; other forms of communication are not sufficient) with counsel for the designating*
8   *party. In conferring, the challenging party must explain the basis for its belief that the*
9   *confidentiality designation was not proper and must give the designating party an opportunity to*
10  *review the designated material, to reconsider the circumstances, and, if no change in designation*
11  *is offered, to explain the basis for the chosen designation. The efforts to meet and confer must*
12  *comply with the undersigned's Chambers Rules. A challenging party may proceed to the next*
13  *stage of the challenge process only if it has engaged in this meet and confer process first.*

14  *Judicial Intervention. A party that elects to press a challenge to a confidentiality*
15  *designation after considering the justification offered by the designating party and thoroughly*
16  *meeting and conferring must bring the matter to the Court's attention in compliance with the*
17  *Chambers Rules regarding Case Management and Discovery Disputes. The burden of*
18  *persuasion in any such challenge proceeding shall be on the designating party. Until the court*
19  *rules on the challenge, all parties shall continue to afford the material in question the level of*
20  *protection to which it is entitled under the producing party's designation.*

21      15.    All Confidential Information must be held in confidence by those inspecting or
22  receiving it, and must be used only for purposes of this action. Counsel for each party, and each
23  person receiving Confidential Information must take reasonable precautions to prevent the
24  unauthorized or inadvertent disclosure of such information. If Confidential Information is
25  disclosed to any person other than a person authorized by this Order, the party responsible for the
26  unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized
27  disclosure to the attention of the other parties and, without prejudice to any rights and remedies
28

of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as Confidential Information, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL— FOR COUNSEL ONLY" —SUBJECT TO PROTECTIVE ORDER.

18. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed, except pursuant to this Order.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, counsel for each party must, within 45 days of receiving a request from the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by facsimile or electronic mail to counsel of record is acceptable for all notification purposes within this order, as follows:

   To Navigato & Battin LLP: Facsimile: (619) 233-3268; email: mike@navbat.com;

9

1    <u>To Procopio, Cory, Hargreaves, & Savitch LLP</u>:   Facsimile: (619) 235-0398; email:
2    ed.walton@procopio.com, john.alessio@procopio.com, sean.sullivan@procopio.com.

3    26.   <u>Preservation, and Collection of Electronic Evidence</u>:  Discovery in this case will include the production of certain computers and electronic storage devices and/or the electronically stored information ("ESI") contained on such computers and devices (computers and electronic storage devices, including but not limited to hard drives, CD's, DVD's, flash drives, USB drives, and zip drives, which by agreement of the parties or order of the court are to be subject to the procedures set forth herein are referred to herein "Devices").  Such Devices may contain ESI which is not relevant to this action and/or which is privileged, private, personal, confidential, proprietary, or trade secret, and therefore protected from disclosure, and/or subject to heightened protection pursuant to the Stipulated Protective Order in this action.  The following provisions are provided to ensure that the ESI contained on the Devices is preserved by making true and complete images (copies) of the Devices/ESI, and that such images are made and maintained by a neutral third party e-vendor (the "NEV") that is not employed or controlled by any party.

   a.   The Parties to this action, and, as applicable, their agents, employees and all of those acting in active concert or participation with them, shall refrain from destroying, concealing (from the Court and the ), disposing, deleting, removing or altering any documents, data, or information, whether paper or electronic (including but not limited to computer files, e-mail, data, drafts or other things or materials) relating to (including any communications with or by any third party concerning the use or disclosure of alleged NTD's Trade Secrets), or arising out of the alleged NTD's Trade Secrets as set forth in the Complaint, and which are currently resident on any of the Devices.

   b.   The NEV shall be Teris located at 655 West Broadway, 2nd Floor, San Diego, California 92101; Attn: Adam Wells, awells@teris.com, (619)231-3282.   The NEV shall be provided with a copy of this Protective Order and shall execute an Agreement to be Bound by Protective Order in the form attached to the Stipulated Protective Order as Exhibit A.

c. Each Device shall be delivered by the party producing it (the "Producing Party") to the NEV, who shall maintain a written chain of custody report with respect to each Device while the Device is in the NEV's possession. Upon receipt of a Device, the NEV shall provide written confirmation to all parties that the Device was received, including the identity of the Producing Party. As to Devices for which delivery to the NEV is overly burdensome or impractical, the Producing Party will grant necessary access to the NEV to make the evidentiary image as provided in Paragraph 4 below, or the parties will mutually agree to another procedure.

d. The NEV shall promptly (but not before any adverse party has the opportunity to exercise its rights to exclude any one or all Devices set forth below in Paragraph 26(h)) make an evidentiary image of the Device including all files, documents, spreadsheets, emails, metadata and any other data stored on the Device, whether or not such data has been deleted or attempts have been made to delete it. Once the image of a Device is made, the NEV shall notify all parties that the image has been made and shall promptly return the Device to the Producing Party.

e. The NEV shall maintain possession of the image and shall maintain a written chain of custody report with respect to the image. Except as authorized herein, or upon order from this Court, the NEV shall not release or provide the image, or any copy of the image or any ESI or document obtained from the image to any party or third party.

f. After the NEV notifies the parties that an image has been made, the parties shall provide the NEV with joint written instructions regarding the further handling of the image, which may include, for purposes of example and not limitation, instructions that the NEV: (a) create and distribute reports or summaries regarding ESI contained on the image; (b) copy and distribute the images or certain files thereon; (c) conduct searches of ESI contained on the images; (d) allow a party or parties or third party consultants or vendors to inspect the images in the NEV's presence to confirm the contents and/or procedures followed by the NEV; (e) provide declarations concerning images, the ESI and/or the NEV's efforts and observations.

g. The NEV shall not, without prior joint written instructions and consent from all parties, communicate with or follow the instruction of any party (including any party's attorneys or consultants).

h. The cost of the imaging and the NEV's reporting of the contents of each Device imaged shall be borne by the party(s) adverse to the Producing Party. In that regard, upon receiving the written confirmation from the NEV of receipt of Devices from the Producing Party as provided above, any adverse party must accept or decline by e-mail or facsimile to the NEV, with copy to the Producing Party, within 24 hours of receipt of the confirmation, to have any one or all of the Devices imaged for that adverse party's account. As to any such Devices for which every adverse party(s) timely declines an image, the NEV shall promptly return the Device(s) to the Producing Party without imaging. Any and all imaging shall be performed in an expedited manner as to not interfere with the business of the Producing Party.

27. All materials collected during discovery in the original California State action, Case No. 37-2011-00095778, then pending in the San Diego Superior Court, prior to removal to this Court as Related Case No. 12cv0020, shall be governed by the terms of this Protective Order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The *Court acknowledges the* parties' ~~prefer~~ *preference* that ~~the Court~~ *it* provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED.

April 18, 2012                               _____
                                             Honorable Jan M. Adler
                                             Magistrate Judge, United States District Court

# **ATTACHMENT A**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NTD ARCHITECTS, a California corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JON BAKER, an individual, RICHARD NOWICKI, an individual, BAKER NOWICKI DESIGN STUDIO, LLP, a California limited liability partnership, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 11cv2836-AJB (JMA)<br><br>Related Case No. 12cv0020-AJB (JMA)<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

　　I, _____ , declare and say that:

　　1)　　I am employed as _____ by _____.

　　2)　　I have read the Protective Order entered in <u>NTD Architects, v. Baker, et al.</u>, Case No. 11cv2836-AJB (JMA), and related Case No. 12cv0020-AJB (JMA), and have received a copy of the Protective Order.

　　3)　　I promise that I will use any and all "Confidential" or "Confidential—For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4)     I promise that I will not disclose or discuss such "Confidential" or "Confidential—For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

5)     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6)     I understand that any disclosure or use of "Confidential" or "Confidential—For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____

2